**UNITED STATES of America,**
**Appellee,**

v.

**Michael HARRIS, Defendant–**
**Appellant.**

**No. 06–0738–cr.**

United States Court of Appeals,
Second Circuit.

June 4, 2008.

Randall D. Unger, Bayside, New York, for Defendant–Appellant.

Berit W. Berger, Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney, on the brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, New York, for Appellee.

PRESENT: Hon. PETER W. HALL, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, Hon. JOHN R. GIBSON, Circuit Judge.*

SUMMARY ORDER

Michael Harris appeals from the February 2, 2006 order of the district court

---

* The Honorable John R. Gibson, of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

determining that the sentence it had entered on November 18, 2004 would stand and declining to resentence after considering the advisory nature of the Guidelines. We assume the parties' familiarity with the facts and procedural history of the case.

We review sentencing decisions, including a district court's decision not to resentence in light of the advisory nature of the Guidelines, for reasonableness. *United States v. Booker*, 543 U.S. 220, 264, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *United States v. Crosby*, 397 F.3d 103, 120 (2d Cir.2005). This standard is "akin to review for abuse of discretion." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006).

We have considered Harris's challenges to his sentence, and we find them to be without merit. First, although Harris claims that the district court failed to consider the factors set forth in § 3553(a) factors, the district court decided "to adhere in [this] case to the original sentence" only after "considering the advisory guideline range, and all of the factors under 3553(a)." In the absence of record evidence to the contrary, we strongly presume the district court's compliance with the requirement that it consider the § 3553(a) factors, especially when "the sentencing judge makes abundantly clear that she has read the relevant submissions and that she has considered the § 3553(a) factors." *Id.* at 29. Harris has not provided any reason for concluding that the district court breached that requirement here.

Second, Harris's claim that the district court "never gave serious consideration as to what the appellant's Guideline range would be if he were not designated a career offender" is belied by the record, as the district court did so twice. At the original sentencing hearing, the district court considered what Harris's Guidelines range would be if the court "were to disregard [Harris's] criminal offender status." The court calculated what the range would be in that case, and it acknowledged that the difference between the two ranges was "substantial." At the hearing on remand, the district court again reflected on the Guidelines range that would apply "if [it] were not to consider him as a career offender." We are therefore unconvinced by Harris's contention that the district court failed to satisfy any obligation it had to consider what his Guidelines range would be without career offender status.

Third, we find that Harris's sentence is substantively reasonable. Although Harris points to the fact that he was eighteen years old when he committed one of his prior crimes, we find nothing unreasonable in applying the career offender provision even though it would not apply had Harris committed the crime when he was only slightly younger. If Harris's argument prevailed, we would have to create a de facto "buffer zone" around the age-based line dividing crimes that count toward a career offender calculation and crimes that do not. We decline to do so. And while Harris points to the long length of time that passed between his prior convictions and the instant offense, he leaves out that he spent most of that time in prison and committed these bank robberies less than two years after his release. The district court's decision to apply the career offender provision and to sentence him within the resulting Guideline range was therefore not unreasonable.

We have considered all of Harris's other arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.